### LIPSCHITZ v. McCARTY, Marshal.

(Supreme Court, Appellate Term. January 7, 1904.)

1. REPLEVIN—JUDGMENT—VALUE OF PROPERTY

    Where a judgment in replevin gives defendant "possession of the chattels or their value, fixed at $400," and the evidence showed the value was but $100, the judgment will be reversed.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Replevin by Samuel Lipschitz against Eugene McCarty, as marshal. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

H. & J. J. Lesser, for appellant.
William O. Miles, for respondent.

FREEDMAN, P. J. This was an action in replevin, and the answer was a general denial. The history of the transaction, or as much of the same as can be ascertained from the record and papers accompanying it, which preceded this action, is as follows: On July 28, 1903, the firm of Van Glahn Bros., by an instrument in writing, assigned to Peter N. Beckman, one of its employés, a claim for, as recited therein, goods sold and delivered to one Louisa Van Borstel, as executrix of the estate of George Van Borstel, amounting to the sum of $494.63. On July 29, 1903, Louisa Van Borstel executed and delivered to Beckman a bill of sale of all of a stock of goods, fixtures, etc., in a store at 340 Quincy street, Brooklyn. On August 3, 1903, the defendant seized a quantity of goods then in the store at 340 Quincy street by virtue of a

warrant of attachment issued out of the Municipal Court, in which Francis H. Leggett & Co. were plaintiff, and Louisa Van Borstel was defendant. On August 12, 1903, Beckman, by an instrument in writing, sold and assigned to this plaintiff, another employé of Van Glahn Bros., all the goods mentioned and described in the bill of sale, and on the same day plaintiff began this action in replevin. It appears, beyond much question, that plaintiff was not the real party in interest; neither he nor Beckman having paid Van Glahn anything for the claim. It also appears that on August 10, 1903, an action was begun in the Supreme Court by Beckman against the defendant for conversion of the goods sued for in this action.

Numerous important questions are involved in this case, which require a careful trial, and upon which full and complete testimony should be given, within the rules of evidence. This has not been done, and the record comes before us in a confused and chaotic condition. Errors sufficient to have authorized a reversal of the judgment in favor of either party are clearly apparent. Only one need be specified. At the close of the case the court below gave a judgment in favor of the defendant for "the possession of the chattels, or their value, fixed at $400, and costs." The testimony showed that the value of the property taken from the defendant under the replevin process was the sum of $103 only, and there was no basis for fixing the value of the property at $400. This, and for the other reasons stated, necessitates a new trial.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.